IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SILK AMBER CELANDINE SULLIVAN, Auckland, New Zealand,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES WAYNE SULLIVAN, Emmett, Idaho, USA,<br><br>        Defendant. | Case No. CV-09-545-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 2). Ms. Sullivan has petitioned the Court for the return of her minor child, C.S., pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction (the "Convention") and the International Child Abduction Remedies Act ("ICARA"). The Petition alleges that on December 5, 2008, C.S. was wrongfully removed from the legal custody of Ms. Sullivan by C.S.'s maternal grandmother ("Grandmother McGill") on the pretense that Grandmother McGill was taking C.S. on an extended vacation to the United States. C.S. did not return to New Zealand as planned on January 31, 2009.

**Memorandum Decision and Order - 1**

Ms. Sullivan asserts that C.S. has been wrongfully retained by the Father, in Emmett, Idaho. Ms. Sullivan filed her Motion for Temporary Restraining Order and Preliminary Injunction and requested an *ex parte* review of the matter.

ICARA provides that the Court "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a). A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365 (2008); see also *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). A "possibility" of irreparable harm is insufficient; irreparable injury must be "likely" in the absence of an injunction. *Id.* A preliminary injunction is "an extraordinary remedy never awarded as of right." *Id.* at p. 376. In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at p. 376. Moreover, a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

**Memorandum Decision and Order - 2**

However, Rule 65(b)(1)(A) & (B) of the Federal Rules of Civil Procedure provide that the Court may issue a temporary restraining order without notice if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Here, the Court finds that the further removal or concealment of the minor child C.S. poses an immediate and irreparable injury that can be avoided only by the entry of an *ex parte* temporary restraining order issued before service of the Complaint and Petition for Provisional Injunctive Relief and Return of Child to Petitioner. The Court finds that there is cause to issue this order without prior notice to the Father to ensure the safety and well-being of C.S. and her maintenance in the jurisdiction. Moreover, the Court recognizes counsel's certification that the Father has not been contacted or served in this matter because it is imperative that a temporary restraining order be in place when the Father receives service of the Petition. (See Plaintiff's Opening Brief, p. 15, Docket No. 2). Accordingly, the Court enters the following order:

NOW THEREFORE IT IS HEREBY ORDERED THAT:

1. This temporary restraining order shall be effective as of <u>November 2, 2009</u>

**Memorandum Decision and Order - 3**

at 2:00 p.m. and shall expire exactly ten (10) days thereafter, which is November 17, 2009 at 2:00 p.m. pursuant to F.R.C.P. 6.[1]

2. The removal of C.S. from the State of Idaho is prohibited.

3. Relocating the current residence of C.S. to another location in or out of the State of Idaho is prohibited.

4. The Father, James Wayne Sullivan, is to surrender any passports or travel documents for himself and/or C.S., including C.S.'s travel documents and United States and New Zealand passports, to the United States District Court in Boise, Idaho for safe-keeping with the Court.

5. The Father, James Wayne Sullivan, will make C.S. available to Ms. Sullivan to contact by telephone immediately upon entry of this order and as often as Ms. Sullivan thereafter desires under reasonable circumstances, but not less than three (3) times per week for one half hour each time.

6. This case is set for a hearing on Ms. Sullivan's Motion for Preliminary Injunction on **November 12, 2009 at 10:00 a.m.**

7. Plaintiff shall serve the Father, James Wayne Sullivan, with the Complaint and Petition for Provisional Injunctive Relief and Return of Child, the

---

[1] The ten days do not include the date of this Order or intermediate Saturdays, Sundays, and legal holidays, which in this case excludes Nov. 2, 7, 8, 11(Veteran's Day), 14 and 15 pursuant to F.R.C.P. 6.

**Memorandum Decision and Order - 4**

pending motions and supporting documents, and this Order, immediately

upon receiving this Order.



DATED:  **November 2, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**