IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SILK AMBER CELANDINE SULLIVAN, Auckland, New Zealand,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES WAYNE SULLIVAN, Emmett, Idaho, USA,<br><br>    Defendant. | Case No.  CV-09-545-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Petitioner's Motion for Attorney Fees and Costs (Docket No. 62). On January 13, 2010, the Court granted Petitioner's request for return of minor child and ordered Respondent to immediately return the minor child to Petitioner in New Zealand. (Docket No. 58.) The order was made pursuant to the International Child Abduction Remedies Act ("ICARA").

Under ICARA, the following language addresses payment of expenses incurred by the petitioner:

> Any court ordering the return of a child pursuant to an

**Memorandum Decision and Order - 1**

> action brought under . . . this title *shall* order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3) (Italicized emphasis added.) The purposes of ICARA's fee-shifting provision is "to restore the applicant to the financial position he or she would have been in had there been no removal or retention, as well as to deter such conduct from happening in the first place." *Neves v. Neves*, 637 F. Supp. 322, 339 (W.D.N.C. 2009) (quoting Hague International Child Abduction Convention; Text and Legal Analysis, 51 Fed. Reg. 10494, 10511 (March 26, 1986)).

Here, the fees and costs claimed by Petitioner were incurred during the course of the proceedings. Furthermore, Respondent refused to return the minor child to Petitioner until after this Court made a final determination and ordered him to do so. Accordingly, Petitioner necessarily incurred fees and costs in this matter.

The Court must next address the reasonableness of the proposed fee award under the established Ninth Circuit fee-shifting case law. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable attorney fee is determined by calculating the "lodestar," which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.*

**Memorandum Decision and Order - 2**

Here, Petitioner's attorneys, Holland & Hart, agreed to represent her on a pro bono basis. However, even where a case is taken on a pro bono basis, the Petitioner is still entitled to recovery of reasonable attorney fees. *Wasniewski v. Grzelak-Johannsen*, 549 F. Supp. 2d 965, 970-71 (N.D. Ohio 2008) (stating that pro bono fee arrangement in ICARA case has no bearing on ultimate fee recovery eligibility); see also *Morrison v. C.I.R.*, 565 F.3d 658, 664 (9th Cir. 2009) (recognizing attorney fees awards allowed in pro bono cases).

Holland & Hart maintained timekeeping records to record the hours expended by its attorneys and paralegal in this matter. (2d Feldman Decl. ¶ 12, 19 & Ex. B.) However, the attorneys and paralegal reduced the lodestar calculation by over 50% to account for any inefficiencies or duplication in the work performed, to acknowledge counsel's lack of previous experience in Hague matters, and to account for the Respondent's potential limited financial condition. (See 2d Feldman Decl. ¶¶ 15, 20-26.) Moreover, Petitioner decided to forego her claim to certain legal fees which may have been recovered here, including foregoing a claim for time after December 31, 2009, to reduce the overall amount of hours for which a fee recovery is sought. (Id. ¶ 24.) Such adjustments support the reasonableness of the hours claimed.

As for the hourly rate charged by Petitioner's attorneys and paralegal in

**Memorandum Decision and Order - 3**

determining the lodestar, hourly rates charged should reflect the relevant market. "A district court should calculate this reasonable hourly rate according to the prevailing market ranges in the relevant community, which typically is the community in which the district court sits." *Schwarz v. Sec'y of Health and Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). The relevant community in this case is Boise, Idaho.

    Three Holland & Hart timekeepers billed hours to this litigation – two attorneys and a paralegal. (2d Feldman Decl. ¶¶ 14-16.) Their reasonable hours multiplied by their claimed hourly rates constitute the total fees sought. The firm also applied the low end of its regularly-charged rates based upon the unique situation presented, and it further reduced the rate for Mr. Feldman. (2d Feldman Decl. ¶¶ 13-20.) This Court is very familiar with the rates for these attorneys and paralegal, and has previously approved fee awards for them and/or their colleagues at Holland & Hart consistent with the hourly rates claimed here. Their rates are reasonable for this community.

    After making the lodestar computation, courts sometimes assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of several factors. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). Those factors are:

**Memorandum Decision and Order - 4**

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 746.

Typically, however, most of these factors are considered in the initial lodestar calculation and do not merit either an upward or downward departure of the lodestar amount. That is the case here.

Finally, the Court must consider whether an award of fees and costs is clearly inappropriate. The determination of the reasonableness of attorney fees and whether an award would be "clearly appropriate" is not the place to "rehash" the merits of the parties' dispute as attempted by Respondent here. *Maynard v. Maynard*, 2007 WL 1869253, at *2 (E.D. Mich. Jun. 28, 2007); *Neves*, 637 F. Supp. 2d at 345. Moreover, even in cases where the financial status of the respondent is considered, the fee award is sometimes reduced, but not entirely denied. *Rydder v. Rydder*, 49 F.3d 369, 373-74 (8th Cir. 1995) (reducing award from $18,487.42 to $10,000.00 because of Respondent's "straitened financial

**Memorandum Decision and Order - 5**

circumstances"); *Berendsen v. Nichols*, 938 F. Supp. 737, 739 (D. Kan. 1996) (applying 15 percent reduction to fee award in light of respondent's financial status); *Willing v. Purtill*, 2008 WL 299073, *3-4 (D. Or. Jan. 31, 2008) (applying 15 percent reduction to fee award in light of respondent's financial status and not reducing award further because of the legal complexity and logical difficulty generally provided by ICARA cases).

Petitioner suggests that sufficient reductions were made to the amount of fees claimed to adequately take into consideration the financial status of the Respondent. The Court agrees. Accordingly, the Court will grant Petitioner an award of costs in the amount of $1,121.39 for court and litigation expenses and $2,211.52 for transportation expenses, as well as attorney fees in the amount of $36,994.50.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees and Costs (Docket No. 62), shall be, and the same is hereby, GRANTED. Respondent shall pay Petitioner costs in the amount of $1,121.39 for court and litigation expenses and $2,211.52 for transportation expenses, as well as attorney fees award in the amount of $36,994.50.



DATED: **April 20, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 7**